UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

GREGORY PARADIS,                        :
        Plaintiff,              :
                              :
             v.                    :    File No. 1:07-CV-94
                              :
SUSAN BLAIR,                            :
        Defendant.              :
_____:

RULING ON DEFENDANT'S MOTION TO DISMISS
(Paper 2)

This 42 U.S.C. § 1983 case stems from an April 22, 2004 incident in which Plaintiff Gregory Paradis, then an inmate at the Chittenden Regional Correctional Facility, was allegedly attacked by another inmate with a pot of scalding hot water. According to the complaint, Defendant Susan Blair, the former Superintendent of the Chittenden Facility, knew of the substantial risks associated with permitting inmates access to pots of hot water.

Now pending is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, Defendant's motion is DENIED.

I.   Exhaustion

Defendant's first basis for dismissal is Plaintiff's purported failure to exhaust administrative remedies as required

by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §
1997e(a).

The PLRA states "[n]o action shall be brought with respect
to prison conditions under section 1983 of this title, or any
other Federal law, by a prisoner confined in any jail, prison, or
other correctional facility until such administrative remedies as
are available are exhausted."  42 U.S.C. § 1997e(a).  This
exhaustion requirement "applies to all inmate suits about prison
life, whether they involve general circumstances or particular
episodes, and whether they allege excessive force or some other
wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  The Second
Circuit, however, recognizes certain caveats to the PLRA's
exhaustion requirement which fall into three categories:

> when (1) administrative remedies are not available to the
> prisoner; (2) defendants have either waived the defense of
> failure to exhaust or acted in such a way as to estop them
> from raising the defense; or (3) special circumstances, such
> as a reasonable misunderstanding of the grievance
> procedures, justify the prisoner's failure to comply with
> the exhaustion requirement.

United States v. Ruggiero, 467 F.3d 170, 175 (2d Cir. 2006).

As for pleading requirements, "failure to exhaust is an
affirmative defense under the PLRA, and [] inmates are not
required to specially plead or demonstrate exhaustion in their
complaints."  Jones v. Bock, 127 S. Ct. 910, 921 (2007).
According to Jones though, a Rule 12(b)(6) dismissal is still

2

warranted when the existence of a valid affirmative defense is plain from the face of the complaint.  Id. ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.").

Here, the complaint states "Plaintiff did not pursue administrative remedies through the Department of Corrections because special circumstances obviated any such need."  (Paper 1 at ¶ 16).  Although this affirmative statement unequivocally establishes Plaintiff did not pursue administrative remedies, it leaves open whether such remedies were actually available so as to excuse nonexhaustion.  Specifically, the complaint explains that after the assault, Plaintiff "was immediately transferred to a different location for medical care and never returned to the Chittenden facility again."  Id.  Drawing all reasonable inferences in Plaintiff's favor, as the Court must under Rule 12(b)(6), dismissal is inappropriate because it is not known whether Plaintiff was capable of filing a grievance while under medical care or whether the relevant procedures even allowed Plaintiff to file a grievance with the Chittenden Facility after he had been transferred to a different location.  If not, it would be illogical to hold Plaintiff accountable for failing to

exhaust administrative remedies.  See Ligon v. Doherty, 208 F. Supp. 2d 384 (E.D.N.Y. 2002) (denying motion to dismiss for failure to exhaust because the relevant procedures did not allow the plaintiff to file a written grievance once he had been transferred out of the facility where the complained of event occurred).

Accordingly, the validity of the affirmative defense of exhaustion is not plain from the face of the complaint.[1]

II.  Eighth Amendment Claim

Defendant next claims dismissal is appropriate because the complaint does "not establish the objective component" of an Eighth Amendment claim.  (Paper 2 at 4).[2]

"The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody."  Hayes v. New York City Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996); see also Farmer v. Brennan, 511 U.S. 825, 834 (1994) ("Being violently assaulted in prison is simply not part

---

[1]To the extent exhaustion may be a viable issue in the future, it should be noted that the allegations related to a separate investigation and the removal of pots of hot water from the Chittenden Facility appear to be insufficient to excuse exhaustion.  See Ruggiero, 467 F.3d at 176 (the appropriate standard "is not whether the prisoner has a reason to pursue administrative remedies; it is whether such remedies are available to him").

[2]The parties agree the complaint only alleges a single Eighth Amendment claim.

of the penalty that criminal offenders pay for their offenses against society.") (internal quotation marks and citation omitted).  An Eighth Amendment failure to protect claim requires a plaintiff to show: (1) the alleged deprivation was "sufficiently serious," meaning the plaintiff was "incarcerated under conditions posing a substantial risk of serious harm" (the objective element); and (2) prison officials acted with deliberate indifference, _i.e._, prison officials knew of and disregarded an excessive risk to inmate safety (the subjective element).  Farmer, 511 U.S. at 834.

Here, it is alleged inmates had routine access to pots of scalding hot water and that the attack on Plaintiff resulted in serious first degree burns accompanied by prolonged pain, sleep deprivation, anxiety and vomiting.  Further, it was known that similar inmate-on-inmate scalding incidents had occurred at other facilities.  Viewed in a light most favorable to Plaintiff, it simply cannot be said as a matter of law that such routine access to an instrument capable of easily inflicting potent injuries constitutes an unsubstantial risk to prisoners or that the harm is insufficiently serious.

Accordingly, in the absence of heightened pleading requirements, the Court finds Plaintiff has sufficiently pleaded the objective element of an Eighth Amendment claim.  Furthermore,

by alleging Defendant knew of and disregarded the substantial risk of serious harm, Plaintiff has also sufficiently pleaded the subjective element.

III. <u>Qualified Immunity</u>

Finally, Defendant contends she is entitled to qualified immunity because the law was not clearly established on April 22, 2004 "that a warden violates the 8th Amendment by permitting inmates supervised access to hot water."  (Paper 2 at 6).  By narrowing the clearly established inquiry in this way, Defendant seems to require Plaintiff to point to cases involving conduct indistinguishable from the allegations in this case.  This somewhat cramped proposal, however, does not withstand analysis.

A right is clearly established for purposes of qualified immunity where "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right."  <u>LaBounty v. Coughlin</u>, 137 F.3d 68, 73 (2d Cir. 1998) (citation omitted).  While the Supreme Court has certainly suggested the need for a particularized articulation of the right violated, "[t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness

must be apparent." <u>Hope v. Pelzer</u>, 536 U.S. 730, 739 (2002) (citations omitted).

<u>LaBounty</u>, a case involving an Eighth Amendment claim that prison officials failed to protect an inmate from asbestos exposure, is instructive on how to correctly define the right allegedly violated.  Addressing qualified immunity, <u>LaBounty</u> found the district court "erred in describing the right at issue as 'the right to be free from crumbling asbestos' [because] [s]uch a restricted view of the right conflates the specific conduct at issue with the defined right."  137 F.3d at 74. Instead, the proper definition was "the right to be free from deliberate indifference to serious medical needs."  <u>Id.</u>

With this guidance in mind, the Court concludes the right at issue here is the right to be free from deliberate indifference to a substantial risk of serious harm by another prisoner - a right that was clearly established at least as early as 1994. <u>See</u> <u>Farmer</u>, 511 U.S. at 832-34.  Accordingly, Defendant's motion to dismiss on the basis of qualified immunity is without merit.

IV.  <u>Conclusion</u>

For these reasons, Defendant's motion to dismiss (Paper 2) is DENIED.  Defendant shall file an answer to the complaint and the parties shall file a joint proposed discovery schedule on or before November 29, 2007.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 29th day of October, 2007.

> /s/ J. Garvan Murtha
> J. Garvan Murtha
> United States District Judge